IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR NO. 19-00109 JAO |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO RECONSIDER DENIAL OF DEFENDANT'S MOTION TO ADVANCE SENTENCING** |
| vs. | |
| TIMOTHY SAMUEL HUGH EMORY, | |
| Defendant. | |

**ORDER DENYING MOTION TO RECONSIDER DENIAL OF
DEFENDANT'S MOTION TO ADVANCE SENTENCING**

Defendant Timothy Samuel Hugh Emory ("Defendant") previously asked the Court to advance his sentencing and conduct it telephonically in light of the public health emergency caused by the coronavirus disease. ECF No. 53. The Court denied that request. ECF No. 54. Defendant now seeks reconsideration of that denial. ECF No. 58. For the reasons stated below, Defendant's motion for reconsideration is DENIED.

## I. BACKGROUND

Defendant pleaded guilty to Count 4 of the Indictment alleging that he was an unlawful user of a controlled substance in possession of ammunition in violation of 18 U.S.C. § 922(g)(3). *See* ECF No. 37. The final presentence report

("PSR") calculated Defendant's guideline range as 12 to 18 months. *See* ECF No. 46. Defendant's sentencing was originally scheduled on March 16, 2020. *See* ECF No. 37. On March 16, 2020, however, the Court continued Defendant's sentencing date to April 6, 2020 due to the unexpected unavailability of defense counsel. *See* ECF No. 51. On March 17, 2020, the Chief Judge of this District issued a Temporary General Order Regarding District of Hawaii Response to COVID-19 Emergency ("Temporary Order"), providing that all non-essential criminal hearings be continued until after May 3, 2020, noting that most sentencing hearings could be continued. Pursuant to the Temporary Order, the Court continued Defendant's sentencing to May 4, 2020 over Defendant's objection. *See* ECF No. 52.

Defendant then moved to advance the sentencing and sought a telephonic hearing. *See* ECF No. 53. Defendant argued that sentencing could proceed telephonically because Federal Rule of Criminal Procedure 43 permits a court to conduct sentencing without a defendant present when a defendant is "voluntarily absent." *See* ECF No. 53-1 at 3–5 (citing Fed. R. Crim. P. 43(c)(1)(B)). Defendant emphasized that he is asking for a below-guidelines sentence of eight months and that, if he is not sentenced until May 4, 2020, he will already have been in custody for eight months and eight days, and thus be held in custody longer than he may otherwise been if promptly sentenced. *See id.* at 2. The Court denied

Defendant's motion on March 24, 2020. *See* ECF No. 54.[1]

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which the President also signed into law that day. The CARES Act authorizes the Judicial Conference of the United States to provide authority to Chief District Judges to permit certain criminal proceedings to be conducted by video or audio conference. On March 29, 2020, the Judicial Conference of the United States found that, pursuant to the CARES Act, emergency conditions with respect to COVID-19 have materially affected and will affect the functioning of the federal courts. On March 30, 2020, the Chief Judge of this District, acting pursuant to the CARES Act and the authority granted by the Judicial Conference of the United States, found that felony sentencings could not be conducted in person without seriously jeopardizing public health and safety, and thus authorized a presiding judge to conduct sentencing telephonically, with the consent of the defendant after consultation with counsel, if the presiding judge finds that for specific reasons the sentencing in a particular case cannot be further delayed without serious harm to the interests of justice. The day that order went into effect, on April 1, 2020, Defendant sought reconsideration of his request to advance sentencing and have it conducted telephonically. *See* ECF No. 58. The

---

[1] After his motion to advance sentencing was denied, Defendant sought to reopen his detention hearing. *See* ECF No. 55. After briefing on the issue, United States Magistrate Judge Wes R. Porter denied that request. *See* ECF No. 62.

government opposes Defendant's request. *See* ECF No. 60.

## II.  DISCUSSION

At the outset, the Court agrees with Defendant that the passage of the CARES Act and subsequent findings by the Judicial Conference of the United States and the Chief Judge of this District regarding the COVID-19 health emergency and its impact on federal criminal proceedings provide a valid basis for seeking reconsideration. Although not the primary reason for denying Defendant's initial motion, the Court was concerned with the propriety of conducting the sentencing telephonically and, even assuming Defendant could waive his presence, its ability to ensure a knowing, voluntary waiver of presence. The CARES Act and all that followed regarding the legality of telephonic sentencings while the public health crisis continues confirms that Defendant's request is properly before the Court.

However, the Court again denies Defendant's request because, as of now, the Court cannot find that serious harm to the interests of justice will result if Defendant's sentencing remains set for May 4, 2020. In his initial motion, Defendant relied on *United States v. Bustillo-Sevilla*, No. 20-CR-00021-VC-1, 2020 WL 1239669 (N.D. Cal. Mar. 15, 2020), where the defendant requested a time-served sentence and so the district court permitted sentencing to proceed telephonically—provided that the defendant waive his presence and with the

caveat that "if the Court develops a view during the hearing that a sentence of greater than time served may be warranted, it will give defense counsel the opportunity to request that the hearing be continued until such time as the defendant is able to participate." *Id.* at *1–2. Defendant here is not requesting a time-served sentence. Nor is the Court of the view that a time-served sentence would be appropriate in this case. While the Court understands that Defendant is requesting, instead, a sentence of eight months, this request nonetheless represents a not insignificant downward variance from his potential guidelines range of 12 to 18 months. For this reason, the Court cannot conclude that proceeding with sentencing on May 4, 2020, at which time Defendant will have been in custody a little over eight months, *see* ECF No. 53-1 at 2, will result in serious harm to the interests of justice. In further support of this conclusion, the Court notes that Defendant has not argued that he is particularly vulnerable to the virus, or that there are any reported positive COVID-19 cases at the Federal Detention Center–Honolulu. *See* ECF No. 60 at 13.

     Finally, the Court also notes that in *Bustillo-Sevilla*, the court did not mention any serious disputes over the PSR or its proposed guidelines range; however, there are significant disputes here. The Court anticipates extensive argument from both sides on these important matters and previously had concerns with attempting to resolve them through a telephonic hearing. Because

sentencings may now be conducted by videoconference with consent of the defendant, if in-person hearings still pose a serious risk to health and safety as of May 4, 2020, the Court may be inclined to conclude that sentencing in this case should proceed by videoconference at that time and will therefore request the parties' positions on this matter as that date approaches.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 13, 2020.

Jill A. Otake
United States District Judge

CR No. 19-00109 JAO, *United States v. Emory*, ORDER DENYING MOTION TO RECONSIDER DENIAL OF DEFENDANT'S MOTION TO ADVANCE SENTENCING

6